**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-80666-Civ-Cannon/Brannon**

**1130 WEST ATLANTIC AVENUE LLC,**

        **Plaintiff,**

**vs.**

**SCOTTSDALE INSURANCE COMPANY,**

        **Defendant.**

_____/

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S**
**MOTION FOR FINAL SUMMARY JUDGMENT**

Defendant, Scottsdale Insurance Company ("Scottsdale"), pursuant to Federal Rule 56(a) of the Federal Rules of Civil Procedure and Local Rule 56.1 (2020), files its Motion for Final Summary Judgment in its favor and against the Plaintiff, 1130 West Atlantic Avenue LLC ("1130 West Atlantic Ave."). Scottsdale argues as follows.

**I.**      **SUMMARY OF ARGUMENT**

1130 West Atlantic Ave. sued Scottsdale for commercial property insurance benefits for damage allegedly caused by Hurricane Irma. The policy provides that as a condition precedent to coverage, 1130 West Atlantic Ave. must promptly notify Scottsdale of any loss, take all reasonable steps to protect the property, and allow Scottsdale to inspect the damage as often as it reasonably requires. 1130 West Atlantic Ave. failed to satisfy its conditions precedent. Notably, it notified Scottsdale *over two years after* discovering the alleged loss, when the property was no longer in the same condition, prejudicing Scottsdale and, therefore, barring coverage. There are no disputed

questions of fact on this issue and Scottsdale is entitled to summary final judgment as a matter of law.

## II.    ARGUMENT AND LEGAL AUTHORITY

### A.    SUMMARY JUDGMENT STANDARD AND POLICY INTERPRETATION

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." See Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of demonstrating that no genuine issue of material fact exists. *Dade County School Bd. v. Radio Station WQBA*, 731 So.2d 638, 643 (Fla. 1999). In determining whether summary is proper, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (citing *Dibrell Bros. Int'l. S.A. v. Banca Nazionale Del Lavoro*, 38 F.3d 1571, 1578 (11th Cir. 1994)). "Where the nonmoving party has failed to make a sufficient showing 'to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' there exist no genuine issues of material fact." *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739,742 (11th Cir. 1996) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004) (*citing Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646 (11th Cir. 1997).

The right to contract is one of the most sacrosanct rights guaranteed by fundamental law, and that right is protected by Florida's Constitution. *Armao v. McKenny*, 218 So.3d 481 (Fla. 4th DCA 2017) (*citing Chiles v. United Faculty of Fla*., 615 So.2d 671, 673 (Fla. 1993)); *See also* Art.

I, § 10, Fla. Const. Parties may enter into any contract they desire, and they are bound by the language of that contract; this is true no matter how disadvantageous that language later proves to be for one party of the other. *Kel Homes, LLC v. Burris*, 933 So.2d 699 (Fla. 2nd DCA 2006).   The parties are bound by the unambiguous terms of their contract.  *Chrysler Realty Corp. v. Davis*, 877 So.2d 903 (Fla. 4th DCA 2004), rehearing granted, review denied in *Schumaker v. Chrysler Realty Corp.*, 894 So.2d 971. Contracts duly executed for lawful purpose should be upheld.  *Bacon v. Karr*, 139 So.2d 166 (Fla. 2nd DCA 1962). Insurance policy interpretation is a question of law for the Court. *Coleman v. Florida Ins. Guar. Ass'n, Inc.*, 517 So. 2d 686, 690 (Fla. 1988); *Eagle Am. Ins. Co. v. Nichols*, 814 So. 2d 1083, 1085 (Fla. 4th DCA 2002). Where policy language is susceptible to more than one reasonable interpretation, it is considered ambiguous, and will be liberally construed in favor of the insured. *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So.2d 528, 532 (Fla.2005). Absent language in the policy that is ambiguous or susceptible of more than one meaning, the court should give full effect to the terms of the policy through its plain meaning or words and phrases used. *Arias v. Affirmative Ins. Co.*, 944 So.2d 1195, 1197 (Fla. 4th DCA 2006). The failure to define a word or phrase in the contract does not create ambiguity. *Itnor Corp. v. Markel Int'l Ins. Co., Ltd.*, 981 So.2d 661,663 (Fla. 3d DCA 2008). When the insurer has not defined a term, the common definition of the term should prevail. *Pompano Motor Co. v. Chrysler Ins. Co.*, 875 So.2d 754, 757 (Fla. 4th DCA 2004) (*citing Great Am. Ins. Cos. v. Souza*, 855 So.2d 187, 188–89 (Fla. 4th DCA 2003)).

**B.   1130 WEST ATLANTIC AVE. NOTIFIED SCOTTSDALE LATE AND CANNOT SHOW LACK OF PREJUDICE**

It is undisputed that (1) Hurricane Irma occurred on September 10, 2017, (2) 1130 West Atlantic Ave. knew of the alleged damage the same month Hurricane Irma occurred (September 2017), (3) the policy requires prompt notice, and (4) 1130 West Atlantic Ave. notified Scottsdale

- 3 -

approximately 26 months later, in November 2019, and provided photographs equally deficient having also been taken over two years after the alleged loss. *See* DE 51, Statement of Facts, ¶¶ 2, 3, 7, 10.

So, now we must turn to the policy behind the notice provisions, as well as decisions that have interpreted and analyzed what timeframes constitute reasonable action, all of which will show that 1130 West Atlantic Avenue acted improperly such that summary judgment is appropriate.

The purpose of a notice provision in an insurance policy is to allow an insurer "to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it." *LoBello v. State Farm Florida Ins. Co*., 152 So.3d 595, 598 (Fla. 2d DCA 2014) (citation omitted). "Under Florida law, a failure to provide timely notice of loss in contravention of a policy provision provides a legal basis for the denial of recovery under the policy." *Mid-Continent Cas. Co. v. Basdeo*, 742 F. Supp. 2d 1293, 1335 (S.D. Fla. 2010); *Ideal Mut. Ins. Co. v. Waldrep*, 400 So. 2d 782, 785 (Fla. DCA 1981).

Next, regarding timing, it is well settled that "prompt" and other comparable phrases, like "immediate" and "as soon as practicable," do not require instantaneous notice. *Cont'l Cas. Co. v. Shoffstall*, 198 So.2d 654, 656 (Fla. 2d DCA 1967). But, Florida courts have interpreted these phrases to mean that notice should be provided "with reasonable dispatch and within a reasonable time in view of all of the facts and circumstances of the particular case." *Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co*., 599 Fed.Appx. 875, 879 (11th Cir.2015) (citation omitted). This means within reasonable time from when facts develop which would suggest to a person of ordinary and reasonable prudence that liability may have occurred. *LoBello* 121 So. 2d at 177. "Notice is necessary when there has been an occurrence that should lead a

- 4 -

reasonable and prudent [person] to believe that a claim for damages would arise." *Waldrep*, 400 So.2d at 785.

Moreover, there is particular guidance regarding hurricane claims. *See PDQ Coolidge Forman, LLC v. Landmark Am. Ins. Co.*, 566 Fed. Appx. 845, 849 (11th Cir. 2014) (six month delay by insured in reporting property damage is not prompt); *Waldrep*, 400 So. 2d at 786 (six weeks); *Ro-Ma Holdings #4, LLC v. Scottsdale Ins. Co.*, 2021 U.S. Dist. LEXIS 75860 (14 months); *Deese v. Hartford Acc. & Indem. Co.*, 205 So. 2d 328, 329 (Fla. 1st DCA 1967) (four weeks); *see, e.g., 1500 Coral Towers Condo. Ass'n, Inc. v. Citizens Property Ins. Co*, 112 So.3d 541, 543–44 (upholding summary judgment on the insured's failure to give "prompt" notice of roof damage caused by a hurricane where the insured was aware of roof damage one month after the hurricane, but waited more than four years to report the damage*); see also Yacht Club*, 599 Fed.Appx. at 879 (explaining that "prompt" notice is generally a jury question, but "Florida courts have interpreted 'prompt' differently when damage is caused by a known event, such as a hurricane, or when the insured was on-site when readily apparent problems developed"). 1130 West Atlantic Ave.'s notice approximately 26 months after knowing of the damage is not prompt and therefore late as a matter of law. *Id.*

Having established that the notice is late and, therefore, prejudicial to Scottsdale, we must next discuss whether that presumption can be overcome. *See Slominski v. Citizens Prop. Ins. Corp.*, 99 So. 3d 937 (Fla. 4th DCA 2012); *1500 Coral Towers Condo.*, 112 so.3d 541, 544 (Fla. 3d DCA 2013) (burden shifts to the insured). The issue of whether an insured has overcome the presumption of prejudice caused by late notice is generally reserved for the trier of fact, however, it is appropriately raised on summary judgment where the insured fails to present evidence sufficient to rebut the presumption. *1500 Coral Towers Condo. Ass'n, Inc.*, 112 So.3d at 545–45; *See Ro-*

*Ma Holdings #4, LLC*, 2021 U.S. Dist. LEXIS 75860. Similar to our current matter, Scottsdale has undoubtedly provided evidence of 1130 West Atlantic Ave's late notice to which the insured cannot present sufficient evidence to rebut the established presumption of prejudice.

Late notice creates a legal presumption of prejudice, which 1130 West Atlantic Ave. has the burden of overcoming. *See Slominski*, 99 So. 3d 937; *1500 Coral Towers Condo*., 112 so.3d at 544 (Fla. 3d DCA 2013). In other words, "[i]f the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice." *Soronson v. State Farm Fla. Ins. Co*., 96 So.3d 949, 953 (Fla. 4th DCA 2012). To overcome the burden this presumption of prejudice, 1130 West Atlantic Ave. must prove that Scottsdale was able to inspect the property in the same condition it was in right after the loss, showing evidence that an earlier inspection would not have impacted the investigation. *See PDQ Coolidge Forman*, 566 Fed. Appx. at 849-850 (11th Cir. 2014); *Ro-Ma Holdings #4, LLC v. Scottsdale Ins. Co*., 2021 U.S. Dist. LEXIS 75860. A determination of prejudice *does not* concern itself with whether the Insurer reached a coverage decision or opinion about causation, where better conclusions either could be drawn or could have been drawn more easily absent the intervening delay or if repairs complicated an evaluation. *Id.; see also 1500 Coral Towers*, 112 So. 3d at 545; *Ro-Ma Holdings #4, LLC v. Scottsdale Ins. Co*., 2021 U.S. Dist. LEXIS 75860; *Kramer v. State Farm Fla. Ins. Co*., 95 So. 3d 303 (Fla. 4th DCA 2012); *see also Laster v. U.S. Fid. & Guar. Co*., 293 So.2d 83, 86-87 (Fla. DCA 1974). Rather, courts are primarily concerned with the timing and whether the property was in the same condition at the time of the inspection as it was immediately after the loss. *Kendall Lakes Towers Condo. Ass'n v. Pacific Ins. Co*., 2012 WL 1004851 (S.D. Fla. March 26, 2012); *Ro-Ma Holdings #4, LLC v. Scottsdale Ins. Co*., 2021 U.S. Dist. LEXIS 75860.

And, an insured's failure to provide prompt notice is not excused where they might not have been aware of the full extent of damage. *See e.g. 1500 Coral Towers*, 112 So.3d at 544; *Ro-Ma Holdings #4, LLC v. Scottsdale Ins. Co*., 2021 U.S. Dist. LEXIS 75860; *Kendall Lakes Towers Condo. Ass'n v. Pacific Ins. Co*., 2012 WL 1004851 (S.D. Fla. March 26, 2012); *Waldrep*, 400 So. 2d at 785. Moreover, "[e]ven if an insurer believes it has other grounds for denying coverage . . . it is entitled to timely notice [so it can have an] opportunity to make an early evaluation of its risks and to decide how to proceed." *Gemini II Ltd. v. Mesa Underwriters Specialty Ins. Co*., 592 Fed. Appx. 803 (11th Cir. 2014) (*quoting Nat. Cas. Co. v. Floyd Cnty. Bd. Of Comm'rs*, 2002 WL 31045373, at *4 (S.D. Ind. Aug. 29, 2002); *See also Ro-Ma Holdings #4, LLC v. Scottsdale Ins. Co*., 2021 U.S. Dist. LEXIS 75860.

So, with that legal backdrop in mind, we now turn to the facts of this case and how they neatly fit into the caselaw establishing that summary judgment is appropriate. 1130 West Atlantic Ave. cannot meet its burden of proving lack of prejudice. The Policy requires prompt notice, yet 1130 West Atlantic Ave. notified Scottsdale more than two years after Hurricane Irma passed through South Florida, and provided photographs of the alleged damage taken after notice was provided such that the photographs were also taken more than two years after the alleged loss. *See* DE 51, Statement of Facts, ¶¶ 2, 3, 7, 10. Scottsdale's retained engineer, Andrew Lovenstein, definitively opined that he could not determine if the observed conditions – the removal of the gutter and displacement of the drip edge – occurred as a result of Hurricane Irma. Specifically, he could not do so because he had no evidence of the as-then existing condition of the property during or shortly after Hurricane Irma. Notably, more than 26 months passed from Hurricane Irma to the time Plaintiff decided to take pictures of the supposed damage and 30 months passed before

- 7 -

Lovenstein was able to perform an inspection.[1] See DE 51, Statement of Facts, ¶ 11. Therefore, the only record evidence has established that the late notice prejudiced Scottsdale. Scottsdale is entitled to final summary judgement as 1130 West Atlantic Ave. cannot recover from the presumption of prejudice.

### C. SECTION 627.70132(2), WHICH WILL BE AMENDED ON JULY 1, 2021 WOULD EFFECTIVELY BAR PLAINTIFF'S CLAIMS

Scottdale appreciates that Section 627.70132(2), as it currently exists at the timing of this Motion, does not bar Plaintiff's claims. That said, by the time this Motion is decided, Section 627.70132(2) will be amended pursuant to Florida Senate Bill No. 76. Whether the statute will be retroactively applied is unclear, but, if it is, Plaintiff's claims are barred as a matter of law. And, even if it is not retroactively applied, it certainly is persuasive. In fact, the plethora of these late notice claims – particularly as a result of Hurricane Irma – are so prevalent that the legislature took action. Specifically, Section 627.70132(2), as amended, will provide that a claim under an insurance policy that provides property insurance, including a property insurance policy issued by an eligible surplus lines insurer (like Scottsdale), for loss or damage caused by any peril *is barred unless notice of the claim was given to the insurer in according with the terms of the policy within 2 years after the date of loss*. So, here, because the loss occurred on September 10, 2017 and

---

[1] Scottsdale's retained engineer, Andrew Lovenstein's, original report dated May 19, 2020 made the following statement: "It was our opinion that the missing gutter components and the displaced drip edge on the south elevation (rear) of the building were the result of exposure to elevated wind pressures or wind-borne debris on September 10, 2017. It should be noted that the south elevation of the building was directly exposed to the prevailing wind of Hurricane Irma at the wide region of the property." Mr. Lovenstein's August 4, 2020 clarification letter stated, "[w]e did not have access to photographic evidence that shows that these items had occurred during the passage of Hurricane Irma. The removal of the gutter and the displacement of the drip edge were consistent with being caused by exposure to elevated winds; however, we cannot determine if the observed conditions occurred as a direct result of the passage of Hurricane Irma given the approximate 30 months between the passage of Hurricane Irma and our inspection. It should be noted that, while the winds associated with Hurricane Irma were the highest observed in the CoreLogic Wind Report reporting period of 2009 to the present, the building has been exposed to similar wind loadings at several times between 2009 and our inspection."

because Plaintiff did not provide notice of the loss until November 2019, its claim would be statutorily barred. of loss.

### III.    CONCLUSION

The Policy requires prompt notice as a condition after loss, where failure to provide prompt notice prejudice's Scottsdale's ability to inspect the loss. 1130 West Atlantic Ave. notified Scottsdale approximately 26 months after the date of loss (late as a matter of law), and cannot meet its burden of rebutting this prejudice. The purpose of the notice requirement, to allow the insurer to investigate the claims against it and evaluate its rights and liabilities, has been frustrated by 1130 West Atlantic Ave.'s late notice. Therefore, because Scottsdale has been prejudiced by 1130 West Atlantic Ave.'s failure to provide prompt notice of the loss and this presumption cannot be rebutted by the evidence, Scottsdale is entitled to final summary judgement.

WHEREFORE, Scottsdale requests the Court enter final summary judgement in its favor and grant any further relief deemed just.

Dated this 1st day of July, 2021.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July, 2021, a true and correct copy of the foregoing was electronically filed which will send an electronic copy to: Jeffrey D. Groover, Esq., Kanner & Pintaluga, P.A. 3615 East Frontage Road, Tampa, Florida 33607, jgroover@kpattorney.com;                                    lhalloran@kpattorney.com; TampaFirstPartyEService@kpattorney.com.

Respectfully submitted,

PD.34077724.1

*/s/ Amber N. Razzano*

_____

Rhett C. Parker (Florida Bar No. 92505)
Amber N. Razzano (Florida Bar No. 1026019)
**PHELPS DUNBAR LLP**
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602
Telephone: (813) 472-7550
Facsimile: (813) 472-7570
E-mail: rhett.parker@phelps.com
E-mail: amber.razzano@phelps.com
*Attorneys for Defendant, Scottsdale Insurance Co.*

- 10 -